[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11844
Non-Argument Calendar

_____

D.C. Docket No. 2:12-cv-04002-AKK

MAGGIE LAMAR,

Plaintiff-Appellant,

versus

WELLS FARGO BANK,

Defendant,

WELLS FARGO BANK & CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 1, 2014)

Before MARCUS, MARTIN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Maggie Lamar, an Army reservist who suffered from post-traumatic stress disorder ("PTSD"), anxiety, and depression, appeals the district court's grant of Wells Fargo's motion for summary judgment as to her claims that it violated 38 U.S.C. § 4311 of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") by terminating her because of her military leave (Claim 1); 38 U.S.C. §§ 4312 and 4313 of USERRA by failing to re-employ her and by not allowing her, as a wounded service member, a recovery period of two years or more before requiring her to seek re-employment (Claim 2); the Americans with Disabilities Act ("ADA") by terminating her because of her disability (Claim 3); the ADA by failing to accommodate for her disability (Claim 4); and the Rehabilitation Act by terminating her because of her disabilities and failing to reinstate her (Claim 5). On appeal, she argues that: (1) the district court used incorrect summary judgment standards; (2) the district court abused its discretion in refusing to appoint counsel for her; and (3) the district court erred in holding that her USERRA re-employment claim was time-barred. After careful review, we affirm as to the first two claims, and vacate and remand as to the last claim.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant. Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1263-64 (11th Cir. 2010). We review a refusal to appoint counsel for abuse of discretion, which requires a showing that the district

2

court made a clear error of judgment.  Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009).

Claims or issues are abandoned on appeal if a plaintiff does not specifically and clearly identify them in her brief.  Access Now, Inc. v. Sw Airlines Co., 385 F.3d 1324, 1330-31 (11th Cir. 2004).  To obtain reversal of a district court decision that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the decision against him is incorrect.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

Summary judgment is proper only when the evidence shows that "no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law."  Alvarez, 610 F.3d at 1264.  The movant always bears the initial burden of informing the district court of the basis for its motion, and identifying those parts of the record that demonstrate an absence of a genuine issue of material fact.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The movant also may carry its burden by showing the court that there is an absence of evidence to support the nonmoving party's case.  Celotex v. Catrett, 477 U.S. 317, 325 (1986).  When that burden has been met, the burden shifts to the nonmovant to demonstrate that there is a genuine issue of material fact, which precludes summary judgment.  Clark, 929 F.2d at 608.  The nonmovant is required to go beyond the pleadings and to present competent evidence in the form of affidavits,

3

answers to interrogatories, depositions, admissions and the like, designating specific facts showing a genuine issue for trial. Celotex, 477 U.S. at 324.

First, we find unavailing Lamar's arguments concerning the summary judgment standards cited by the district court. For starters, the district court did not state an improper standard for summary judgment in its decision, and nothing requires the district court to state every possible summary judgment legal standard in its statement of the law. Lamar's argument that the court failed to mention that it would resolve factual inferences in her favor is also misplaced because the court did, in fact, state that it "must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party."

As for her claim that the district court applied an incorrect summary judgment standard that required her to show that a genuine issue of fact existed as to Wells Fargo's various "affirmative defenses" relevant to her ADA claims, Lamar does not properly challenge her ADA claims on appeal. Specifically, she says that the district court's grant of summary judgment was improper because it required her to carry the burden of showing: (1) timeliness as to her ADA termination and discrimination claims (Claims 3 and 4); (2) that she should not be estopped from arguing that she was a qualified individual for her ADA-termination claim (Claim 3); and (3) that she was a qualified individual for her ADA claims (Claims 3 and 4). Notably, however, she does not challenge the district court's

independent and alternative grounds for granting summary judgment on her ADA claims -- that the accommodations she identified were unreasonable (for her ADA-failure-to-accommodate claim), and that she failed to establish pretext (for her ADA-termination claim). Accordingly, we decline to review Lamar's arguments concerning the allegedly incorrect standard the district court applied in ruling on her ADA claims because she failed to challenge on appeal the district court's independent and alternative grounds for granting summary judgment as to those claims. See Sapuppo, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

We are also unconvinced by Lamar's claim that the district court abused its discretion in refusing to appoint counsel for her because it only addressed one of the factors that indicate "exceptional circumstances" -- namely, the complexity of the facts and legal issues presented. Appointment of counsel in a civil case is not a constitutional right. Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). Thus, in deciding whether to appoint counsel, the district court has broad discretion and should appoint counsel only in exceptional circumstances. Bass, 170 F.3d at 1320 (determining that, while "plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer," the facts and legal claims in their

5

case were "not so unusual that the district court abused its discretion by refusing to appoint counsel"). The following factors should be considered when determining whether exceptional circumstances exist: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of incidents the indigent witnessed herself. See Fowler, 899 F.2d at 1096 (citing with approval the factors identified in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

In this case, the district court did not abuse its discretion by only mentioning one of the exceptional-circumstances factors -- that the facts of the case were not so complex as to warrant granting the request for appointment of counsel. Even though the court did not state explicitly that it had considered each possible factor in its order, caselaw does not require it to do so. Moreover, Lamar did not show that the district court's decision constituted a clear error of judgment, since, as we see it, her claims were not novel or complex, she was able to file numerous pleadings before the district court, she had personal knowledge of the facts underlying the case, and she had experience with employment law. In short, Lamar did not show that the district court's decision to deny her request for counsel constituted a clear error of judgment.

Nevertheless, we find merit in Lamar's claim that the district court erred by holding on summary judgment that her USERRA re-employment claim was time-barred. The USERRA prohibits employers from discriminating against employees on the basis of military service. 38 U.S.C. § 4311. The USERRA also provides service members the right of re-employment in their previous civilian positions at the conclusion of their military service. Id. § 4312(a). Unlike § 4311, § 4312 does not require an employee to show any discriminatory animus. Coffman v. Chugach Support Services, Inc., 411 F.3d 1231, 1235 (11th Cir. 2005). Under § 4312, the employee must timely notify the employer of his intention to return to work, and submit a written application for re-employment. 38 U.S.C. § 4312(a)(1), (3). Pertinent to the present case, an employee whose active military duty lasted more than 180 days must submit an application for re-employment with his employer no later than 90 days after his completion of active duty. Id. § 4312(e)(1)(D). However, an exception to the 90-day deadline provides that:

(A) A person who is hospitalized for, or convalescing from, an illness or injury incurred in, or aggravated during, the performance of service in the uniformed services shall, at the end of the period that is necessary for the person to recover from such illness or injury, report to the person's employer . . . or submit an application for reemployment with such employer . . . . Except as provided in subparagraph (B), such period of recovery may not exceed two years.

(B) Such two-year period shall be extended by the minimum time required to accommodate the circumstances beyond such person's control which make reporting within the period specified in subparagraph (A) impossible or unreasonable.

7

Id. § 4312(e)(2). Further, an accompanying regulation explains that:

> If the employee is hospitalized for, or convalescing from, an illness or injury incurred in, or aggravated during, the performance of service, he or she must report to or submit an application for reemployment to the employer at the end of the period necessary for recovering from the illness or injury. This period may not exceed two years from the date of the completion of service, except that it must be extended by the minimum time necessary to accommodate circumstances beyond the employee's control that make reporting within the period impossible or unreasonable. This period for recuperation and recovery extends the time period for reporting to or submitting an application for reemployment to the employer, and is not applicable following reemployment.

20 C.F.R § 1002.116.

Here, the district court erred by concluding that Lamar did not timely report to work under § 4312(e)(2)(A), without considering the exception contained in § 4312(e)(2)(B) -- which provides that a service member shall be re-employed after the two-year deadline for reporting back to work or reapplying, if reporting back or reapplying was "impossible or unreasonable" due to circumstances beyond that person's control. As the record reveals, Lamar claimed in her response to Wells Fargo's motion for summary judgment that it was "impossible or unreasonable" to report or reapply to work within the required timeframe; accordingly, the district court should have considered the exception in § 4312(e)(2)(B). It is true that Lamar showed some confusion about the applicable deadline when she said that she was unable to report within 90 days -- the deadline applicable to service members not suffering from an illness or injury -- and that she "did not have to

8

reinstate herself" within 2 years because she was terminated before she could do so. Nevertheless, because pro se filings are to be construed liberally, we conclude that Lamar fairly presented the issue of whether the exception in § 4312(e)(2)(B) applied to her case.

The district court also erred by granting summary judgment on the USERRA re-employment claim because Lamar showed a genuine issue of fact about whether it was "impossible or unreasonable" for her to report to work or reapply within the two-year timeframe. See Clark, 929 F.2d at 608. In her response to Wells Fargo's summary judgment motion, Lamar argued that she suffered from depression beginning in August 2010, which indefinitely precluded her from reporting to work. In support of her argument, she submitted as evidence the Wells Fargo FMLA "Certification of Health Care Provider Team Member" form from a doctor, indicating that, as of August 2010, she could not return to work. The form further showed that her return-to-work date was "undetermined" based on her conditions. This evidence established a genuine issue for trial as to whether it was "impossible or unreasonable" for her to report to work or reapply within the two-year timeframe. In addition, Wells Fargo acknowledged that Lamar was not able to return to work within two years of her return from service. Therefore, we vacate and remand the district court's grant of summary judgment as to the USERRA re-employment claim (Claim 2) for further proceedings.

9

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**